# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IN THE MATTER OF THE PARENTAGE OF | ) ) ) | No. 72316-2-I |
| L.L. LYLES, | ) ) | DIVISION ONE |
| Child, | ) ) ) | |
| GEOFFREY LYLES, | ) | UNPUBLISHED OPINION |
| Respondent, | ) ) ) | |
| and | ) ) | |
| TRINITY SESAY, | ) ) | |
| Appellant. | ) ) | FILED: July 27, 2015 |

SPEARMAN, C.J. — Trinity Sesay appeals the trial court's order establishing a residential schedule for her and Geoffrey Lyles's daughter, L.L. She argues that the trial court abused its discretion when it ordered joint decision making on issues related to the child's education even though the court found Lyles had a history of domestic violence. She also challenges the trial court's finding that the parties had a "mutually abusive relationship" contending that the factual record does not support such a finding. We agree with both contentions and remand with instructions to strike the two challenged provisions.

FACTS

Trinity Sesay and Geoffrey Lyles began dating in 2010. The couple soon conceived a child, L.L. The couple split up in December 2013 and on July 12, 2013, Lyles filed a petition to establish a residential schedule on July 12, 2013.

A trial was held, during which Sesay described her relationship with Lyles as "very verbally, physically abusive, and draining." 1 Verbatim Report of Proceedings (VRP) at 100.[1] Sesay testified that Lyles had been physically abusive to her on multiple occasions. And she testified that she had filed for a no-contact order against Lyles. Lyles did not deny any of the allegations of physical violence against Sesay and acknowledged the active 60-month no-contact order issued by Federal Way Municipal Court.

On June 25, 2014, the trial court entered a final parenting plan. It provided:

> The father's residential time with the child shall be limited or restrained completely, **and mutual decision-making** and designation of a dispute resolution process other than court **action shall not be required** because this parent has engaged in the conduct which follows:
>
> A history of acts of domestic violence as defined in RCW 26.50.010(1) or an assault or sexual assault which causes grievous bodily harm or the fear of such harm.

Clerk's Papers (CP) at 18 (emphasis added). Despite this provision, the plan required "joint" decision-making regarding L.L.'s education, in particular, which school the child would attend. CP at 23. The plan also noted the court's finding

---

[1] There are two volumes of trial transcripts in this case. Transcripts from 6/11/14 are referred to herein as "1VRP." Transcripts from 6/25/14 and 7/7/14 are referred to as "2VRP."

that "the parties were mutually engaged in an abusive relationship but there is evidence indicating that the father's level of physicality exceeded that of the mother. The Court also finds that at time of trial, the father had substantially complied with his court ordered domestic violence treatment and was exhibiting signs of accountability and appreciation for the harm caused by his prior conduct." CP at 19.

Following a motion for reconsideration, the court held an additional hearing on July 7, 2014 to address the possible conflict between the Federal Way Municipal Court no-contact order and the court's provision for exchanges. The court issued a revised final parenting plan nunc pro tunc July 9, 2014. This plan was identical to the June 25 plan with respect to the domestic violence finding, the provision for joint educational decision-making, and the court's finding of a mutually abusive relationship.

Sesay appeals the trial court's revised parenting plan.

## DISCUSSION

Sesay challenges the provision in the revised parenting plan for joint educational decision making, arguing that the provision was precluded by the trial court's finding that Lyles had a history of acts of domestic violence. We agree.

We review a trial court's decisions in fashioning a permanent parenting plan for abuse of discretion. In re Marriage of Wicklund, 84 Wn. App. 763, 770, 932 P.2d 652 (1996). In order to determine if a trial court has abused its discretion, we look to see if its decision is based on untenable grounds or reasons, or is manifestly unreasonable. Id. at 770, n.1. The court acts on

untenable grounds if its factual findings are unsupported by the record. Id. However, unchallenged findings are treated as verities on appeal. In re Mahaney, 146 Wn. 2d 878, 895, 51 P.3d 776, 785 (2002). The court acts for untenable reasons if it has used an incorrect standard or the facts do not meet the requirements of the correct standard. In re Wicklund, 84 Wn. App. at 770, n.1. The court acts unreasonably if its decision is outside the range of acceptable choices given the facts and the legal standard.

RCW 26.09.191(1)(e) removes a trial court's discretion to require mutual decision making by parents where they have "a history of acts of domestic violence as defined in RCW 26.50.010(1) or an assault or sexual assault which causes grievous bodily harm or the fear of such harm." See also, In re Marriage of Caven, 136 Wn.2d 800, 806-10, 966 P.2d 1247 (1998). As we held in In re Marriage of Mansour, 126 Wn. App. 1, 10, 106 P.3d 768 (2004), the statute is unequivocal. "Once the court finds that a parent engaged in physical abuse, it must not require mutual decision-making and it must limit the abusive parent's residential time with the child." Id. at 11.

In this case, the trial court found "[a] history of acts of domestic violence as defined in RCW 26.50.010(1) or an assault or sexual assault which causes grievous bodily harm or the fear of such harm." CP at 25. This unchallenged factual finding is a verity on appeal and is, moreover, supported by substantial evidence, including testimony from both parents that Lyles had assaulted Sesay on more than one occasion.

The trial court expressly recognized that, based on this finding, it had no authority to require "mutual decision-making." CP at 25. Nevertheless, in Section 4.2 (Major Decisions), the court provided that education decisions would be made jointly, ordering that "[w]hen the child reaches school age, both parties must agree to the school. However, unless the mother agrees otherwise, the child's school shall not be located more than ten miles from the mother's home." CP at 30. Because the trial court had no discretion to enter this provision, it must be stricken.

Sesay also challenges the trial court's finding that she and Lyles were mutually engaged in an abusive relationship, arguing that the finding is not supported by substantial evidence. At trial, Lyles asserted that Sesay had physically abused him on multiple occasions. However, while Lyles's assaults on Sesay were well documented, including photographs, for the most part Lyles complained only that the couples verbal arguments or confrontations often escalated to physical altercations. And although he testified that on one occasion Sesay threw keys at him and on another grabbed a book he was reading and threw it down, he offered no corroborating detail as to when or where these alleged acts occurred or what prompted them. These unsubstantiated and conclusory accusations do not amount to substantial evidence that would support the trial court's finding that Lyles and Sesay were mutually engaged in an abusive relationship. Nor is the testimony of Sesay's and Lyles's mothers about the couple's arguments substantial evidence of a mutually abusive relationship.

Accordingly, we remand with instructions to strike the joint decision-making provision and the finding of a mutually abusive relationship as set out in section 4.2 of the revised parenting plan.

Spearman, C.J.

WE CONCUR:

_____          Leach, J.